UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 APR 21  A 11: 30

CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:04-cv-306 |
| ) | |
| MARTIN MARTELL, ) | |
| KATHALEEN MARTELL, and ) | |
| TOWN OF NEW HAVEN, ) | |
| ) | |
| Defendants. ) | |

**JUDGMENT ORDER, DECREE OF FORECLOSURE
AND ORDER FOR JUDICIAL SALE**

**If you wish to appeal this judgment, you must request permission to appeal by motion filed with the Court within ten days of the date of entry of the judgment not including that date or Saturdays, Sundays, or legal holidays.**

The UNITED STATES OF AMERICA duly filed a foreclosure complaint on November 3, 2004. Based upon the pleadings of record, the Court makes the following findings:

1. On or about June 18, 1984, Martin Martell and Kathaleen Martell duly executed to the United States of America, a real estate mortgage described in Exhibit A to the complaint.

2. The mortgage was duly recorded on June 20, 1984, in the New Haven Land Records in Book 41, Pages 435-438.

3. The mortgage was conditioned upon the payment of a certain promissory note dated June 18, 1984, in the principal sum of $42,900.00 bearing interest at the rate of 11.875% per annum, executed by Martin Martell and Kathaleen Martell and payable according to its terms, which note is now due and owing and has not been paid.

4. The mortgage further secures repayment of any subsidy granted to the borrowers in the form of interest credit pursuant to a Subsidy Repayment Agreement dated June 18, 1984.

5. The note was modified by virtue of a Reamortization and/or Deferral Agreement dated January 31, 1995.

6. An interest credit agreement was in effect from July 18, 1984 to February 17, 1996.

7. Defendant Town of New Haven has been named as a party to this action because it claims or may claim to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a judgment in the amount of $1,050.00, dated February 18, 1998, filed on April 8, 1998, in the New Haven Land Records in Book 53, at Page 450. The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

8. The note provides that upon default of any payment by the borrowers, the United States of America at its option may declare all or any part of such indebtedness immediately due and payable, and that all interest credit assistance received by the borrowers is subject to recapture upon the disposition of the property.

9. Martin Martell and Kathaleen Martell have defaulted on the note and, though demand has been made, have been unwilling or unable to pay the amounts due pursuant to the terms of the note.

10. The records of this court show that (i) all the defendants were served with the complaint in this case, and (ii) the default of all the defendants was entered on March 11, 2005.

11. Upon the affidavit of Eric A. Young, dated March 14, 2005, the clerk's accounting has been taken and the sums stated

therein are now due.

It is therefore, ORDERED, ADJUDGED AND DECREED that the defendants Martin Martell and Kathaleen Martell may redeem the premises by paying to the Clerk of this Court for the benefit of the United States on or before __October 21, 2005__ (six months from the date hereof) the sum of $ __63,255.25__ as of __April 13, 2005__ plus interest at the rate of $ __12.6244__ per __diem__ through __April 21, 2005__ (date of judgment), plus interest from the date of judgment at the legal rate of __3.32__ % computed daily and compounded annually until paid in full. There is also due and owing the amount of $ __419.00__ costs claimed in the Bill of Costs filed on __March 24, 2005__ taxed and allowed on __April 13, 2005__.

It is further ORDERED, ADJUDGED AND DECREED that if the defendants have not redeemed as provided above, the following named defendant shall have the following time in which to redeem:

Town of New Haven                                until __October 24, 2005__

It is further ORDERED, ADJUDGED AND DECREED that if the defendants have not redeemed as provided above, then the defendants and all persons claiming under, from and through them shall be barred forever from all equity of redemption in the premises.

It is further ORDERED, ADJUDGED AND DECREED that if the defendants have not redeemed as set forth above, the Clerk of this Court shall issue a writ of possession to the United States of America.

It is further ORDERED, ADJUDGED AND DECREED that in the event

the United States incurs costs prior to expiration of the redemption period for real estate taxes, insurance, municipal fees or charges or maintenance costs, these amounts, plus interest at the post-judgment rate will be additional amounts due to the United States under this Order and to be paid in order for the property to be redeemed.

It is further ORDERED, ADJUDGED AND DECREED that if the defendants fail to redeem the premises as set forth above, then, pursuant to the power of sale contained in the mortgage, as requested in the complaint, the plaintiff, United States of America, shall cause the property to be sold at judicial sale on a date and time to be announced, and pursuant to the procedures described below. Transfer of title to the property shall be by Order of Confirmation pursuant to 12 V.S.A. §4533(b). However, the property may be sold in a private sale, upon agreement of the United States and Martin Martell and Kathaleen Martell, at any time without further order of the Court.

## JUDICIAL SALE PROCEDURES

The judicial sale will be conducted by the United States Marshal for the District of Vermont, or his representative. The property shall be sold to the highest bidder, "AS IS, WHERE IS," with no representations or warranties of any kind. Real estate taxes and municipal assessments due shall be prorated as of the date of closing and may be paid from the sales proceeds, after payment of sales expenses, as set forth below. This judgment shall act as a special writ of execution and no further orders or process from this Court shall be required.

The United States Marshal for the District of Vermont, or his representative, shall advertise the sale by publishing the notice of the sale once in each of four consecutive weeks in the *Addison Independent*, the first publication to be not less than 21 days before the sale date. A copy of the notice of the sale shall be served on the mortgagors and defendants, or their representatives, or sent by certified mail addressed to the defendants or their representatives at their last known address at least 60 days before the sale. A copy of the notice of sale shall also be sent to any tenant lawfully occupying the premises at least 60 days before the sale. The defendant/mortgagor is entitled to redeem the premises at any time prior to the sale by paying in full the amount due under this decree, including interest, costs and expenses incurred prior to and after expiration of the redemption period, and including all costs and expenses of the sale, including but not limited to such reasonable costs and expenses incurred by the United States to prevent deterioration of the property, to prepare the property for judicial sale and to enhance marketability.

At the sale, the successful bidder shall be required to deposit at the time of sale with the United States Marshal or his representative a minimum of ten (10) percent of his or her bid, although a smaller percentage may be accepted at the discretion of the United States Marshal or his representative, provided that the remainder of the ten percent is deposited within 3 business days from the sale. Before being permitted to bid at the sale, bidders shall display to the United States Marshal or his representative

5

proof that they are able to comply with this requirement. The deposit shall be made by certified check or cash. No bids will be received from any bidder who has not produced evidence satisfactory to the United States Marshal or his representative that, if he or she is the successful bidder, he or she has the ability to pay the remainder of the highest bid. The successful bidder will be required to sign a "no contingency" purchase and sale agreement. The United States may bid as a credit against its judgment without tender of cash.

The balance of the purchase price for the realty is to be paid to the United States Marshal within forty-five (45) days after the bid is accepted, or within ten (10) days after the confirmation of sale by the Court, whichever is later, or a date mutually acceptable to the United States and the buyer(s), by a certified or cashier's check payable to the United States Marshal for the District of Vermont. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), and any subsequent sale, with any amount remaining to be retained by the United States. The United States may waive this forfeiture requirement for good cause. If the high bidder withdraws his or her bid or fails to pay the full balance within the time set forth above, the realty may, at the sole discretion of the United States, be sold to a back-up bidder from the first sale or shall again be offered for sale under the terms and conditions of this decree. In either event, the person conducting the sale shall file an amended report of sale if the

first report of sale has been filed prior to the withdrawal of the high bidder.

The person conducting the sale shall within ten days after the sale file with the Court a report on oath of the sale, and the Court may confirm the sale or set it aside and order a resale. A motion for confirmation will be decided without oral argument unless a hearing is requested by a party or set by the Court. The granting of any request for a hearing is within the Court's discretion. If the sale is confirmed, the Court shall issue a separate order of confirmation for each buyer. Any order confirming any sale shall be contingent upon payment of the balance of the purchase price within 10 days, thereafter, or by a date mutually agreed upon by the parties, after which time, if the payment is not made, the confirmation order shall be null and void.

After confirmation of the sale and upon receipt of full payment, the confirmation order(s) shall be recorded in the land records of the Town of New Haven, Vermont which shall transfer title pursuant to 12 V.S.A. §4533(b). Upon recording of the order of confirmation, all interests in, liens against, or claims to the realty that are held or asserted by the plaintiff or any of the defendants in this action are discharged and extinguished.

Upon confirmation by the Court, the person conducting the sale shall disburse the proceeds of the sale in the following order:

A. Any and all actual costs and expenses of advertising and conducting the sale, including the commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the expenses of any steps taken to secure or maintain the realty pending sale

and confirmation by the Court, including any removal and maintenance of personal property.

B. All sums due the United States of America on its mortgages and pursuant to this Order, including any property taxes and municipal assessments due and owing prorated to the date of closing.

C. If a surplus remains from the sale of the property, the balance shall be distributed to the lienors in the order of their priority; provided, that such lienors shall file an affidavit of debt in the District Court with notice to all parties in interest within five days of the sale to enable the Clerk to perform an accounting for the purpose of establishing the amounts due them prior to the date set for the confirmation hearing. If any lienor fails to so prove its debt, then the surplus shall be distributed to the next lienor in priority who has so complied with this provision. If all interested parties who have a lien on the property fail to establish their debt, or if all lienors are satisfied in full, then the surplus from the sale of that property shall go to Martin Martell and Kathaleen Martell.

Dated at __Brattleboro__, in the District of Vermont, this __21ST__ day of __April__, 2005.

*/s/ J. Garvan Murtha*
J. GARVAN MURTHA
United States District Judge

JUDGMENT ENTERED ON DOCKET
DATE: 04/21/2005